DRURY *v.* AMOSKEAG FIRE INS. CO.

Motions, the decision of which requires the hearing and weighing of evidence, are for the trial term, and when considered there will not be reexamined at the law term.

ASSUMPSIT, on a policy of insurance. The question of the amount of the loss was referred by agreement of the parties, and all other defences were waived. Relying upon this agreement, Joseph F. Wiggin advanced to the plaintiff $500, taking as security therefor an assignment of the plaintiff's interest in the policy. At the argument of the cause before the referees, some days after the evidence was closed, the defendants requested the referees to find and report that the plaintiff, in his written proof of loss, with intent to defraud the defendants, falsely overstated the cost and value of a large number of the articles destroyed, and that, at the hearing, he wilfully, knowingly, and falsely swore that the cost and values, as given by him in his proof of loss, were correct.

Upon the return of the report stating the amount of the loss, the defendants moved that the same be recommitted, with instructions to the referees to report the foregoing facts. The motion was denied, and the defendants excepted. The defendants thereupon moved to be relieved from the agreement as to the reference. The court denied the motion on the ground that it was not seasonably made, and that the defendants should have applied for relief to the referees before the hearing was closed. The defendants' counsel did not apply to the referees for such relief, because they supposed the referees had no jurisdiction, and now moved that the report be recommitted for the purpose of making application to the referees. The motion was denied. The defendants also moved that the report be set aside, because the referees declined to rule as requested. This motion was also denied; and to all the foregoing rulings the defendants excepted.

*Wiggin & Fernald* and *W. H. Moody* (of Massachusetts), for the plaintiff.

*Marston & Eastman* and *Leach & Stevens*, for the defendants.

BLODGETT, J.   An examination of this case shows that by the agreement of the parties the only question to be passed upon by the referees was the amount of the plaintiff's loss by fire under the policy of insurance issued to him by the defendants, and that in consideration of the plaintiff's assent to the agreement, the defendants waived all defences going to the maintenance of the action.

The purpose to be accomplished being a legitimate and proper one, and there being no proof that the agreement is not what the parties mutually intended to make it, or that it was entered into by the defendants through fraud, accident, or mistake, no grounds of relief are presented (*Page* v. *Brewsters*, 54 N. H. 184, 187, 188); nor is any question of law raised by the exception of the defendants to the denial of their motions, (1) to be relieved from their agreement by the court, and, failing in this, (2) that the report be recommitted for the purpose of making such application to the referees.   Motions of this character, the decision of which requires the hearing and weighing of evidence, are for the trial term; and when they are considered and decided there they will not be reconsidered here.

No legal objection appears to the validity of the award.   The referees having no authority to find or determine anything but the amount of the plaintiff's actual loss, time need not be spent in discussing the obvious correctness of their ruling, that the plaintiff was entitled to recover as damages only the $500 advanced to him by Wiggin, or, in considering this failure, to find and report the facts as to the plaintiff's alleged fraudulent overvaluation of his property.   If, however, these facts had been found and reported, and proved all that the defendants claim for them, they would be immaterial as matter of law, and could not be permitted to avail the defendants, under the agreement, because their only possible effect would be to defeat the action entirely by avoiding the policy for fraud in the proofs of loss, and thus unjustly give the defendants the benefit of a defence which they had not only expressly waived, but one also of which they were fully cognizant at the time the reference was agreed upon, as distinctly appears by their affidavit for a continuance of the case filed at a previous trial term of this court, and which is now a part of its records.

The plaintiff is entitled to judgment for the amount of his loss as reported by the referees.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.